UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN MASONS PENSION FUND,**
**WISCONSIN MASONS HEALTH CARE FUND,**
**WISCONSIN MASONS APPRENTICESHIP &**
**TRAINING FUND, and GARY BURNS**
**(in his capacity as Trustee),**

**BRICKLAYERS AND ALLIED CRAFTWORKERS**
**DISTRICT COUNCIL OF WISCONSIN,**

      **Plaintiffs,**

 v.                Case No. 19-cv-561

**BEST BRICKWASHING, LLC,**

      **Defendant.**
_____

## COMPLAINT
_____

  **NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdiction and Venue

  1. Jurisdiction of this Court upon Best Brickwashing, LLC. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby

violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Funds are administered within this district with offices located in Dane County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, and Wisconsin Masons Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

4. Plaintiff Gary Burns is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Burns maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

5. Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin (hereinafter "Bricklayers Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the

organization for whom it collects working dues. Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

6. Best Brickwashing, LLC. (hereinafter "Best Brickwashing") is a domestic limited liability corporation, engaged in business with principal offices located at 1301 South Opengate Court, Oconomowoc, Wisconsin 53066. Its registered agent for service of process is Robert Brauhn, 1301 South Opengate Court, Oconomowoc, Wisconsin 53066.

## Facts

7. Best Brickwashing is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

8. For all times relevant, Best Brickwashing was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Bricklayers & Allied Craftworkers Union (hereinafter "Union").

9. The Union represents, for purposes of collective bargaining, certain Best Brickwashing employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

10. The Labor Agreements described herein contain provisions whereby Best Brickwashing agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, Best Brickwashing adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Best Brickwashing has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

13.    Best Brickwashing has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    A.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Best Brickwashing's covered employees; and

    B.    failing to accurately report employee work status to the Plaintiffs.

14.    ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of --

        (i)     interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

15. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

16. Despite demands that Best Brickwashing perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make additional payments.  Best Brickwashing is now indebted to the Plaintiffs as follows:

Unaudited Period: June 1, 2018 to the Present:

| | |
|---|---|
| Wisconsin Masons Pension Fund | Unknown |
| Wisconsin Masons Health Care Fund | Unknown |
| Wisconsin Masons Apprenticeship & Training Fund | Unknown |
| Bricklayers and Allied Craftworkers District Council of Wisconsin | Unknown |

17. Despite demand from the Funds' auditor, Best Brickwashing has denied the Funds' auditor access to books and records needed to compile an audit for the period June 1, 2018 to the present.

**Claim One - Against Defendant Best Brickwashing, LLC**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

18. As and for a claim for relief against Defendant Best Brickwashing, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19. For purposes of this claim (Claim One), the Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, and Wisconsin Masons Apprenticeship & Training Fund are hereinafter referred to as the "Funds."

20. Due demand has been made by the Plaintiffs upon Best Brickwashing for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21. Because, as the Funds are informed and believe, Best Brickwashing has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

22. Because Best Brickwashing has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Best Brickwashing:

    A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period June 1, 2018 through the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order requiring Best Brickwashing to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Best Brickwashing's accounts receivable. With respect to each account receivable, Best Brickwashing shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The nature of the improvement involved for which the account receivable is due.

    E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Best Brickwashing to fully submit to an audit of the company's books and records by the Funds' designated representative for the period June 1, 2018 to the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 10th day of July, 2019.

/s/ Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue
Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorneys for Plaintiffs